## Harris v. Sun Ray Drug Company

*R. M. Bernstein*, for plaintiff.

*L. J. Goffman* and *B. M. Borish*, for defendant.

SMITH, P. J., October 21, 1953.—Plaintiff has filed

an action in trespass for damages arising from an injury suffered by him, due to an alleged act of negligence on the part of defendant. He claims that in the performance of his duty as a police officer he fell into a hole or excavation in the basement of defendant's drug store, situate 2027 South Broad Street, Philadelphia, which had been left unguarded by defendant.

Defendant has filed an answer to plaintiff's complaint, denying possession of the premises and averring that the hole or excavation on the premises was made by someone else on behalf of the then owner thereof. Defendant then filed a petition under rule 4005 for discovery by 26 written interrogatories on plaintiff. Plaintiff has agreed to answer interrogatories 1 to 19, inclusive, as well as no. 26. He contends, therefore, that only interrogatories nos. 20 to 25, inclusive, are at issue. Interrogatory 20 is:

"Describe in detail the dimensions and location of the 'hole or excavation' into which you allegedly fell."

No. 21 is: "Prior to the alleged accident, had you ever been on the premises upon which the alleged hole or excavation was located? If so, state as to each occasion when, how long, for what purpose and describe what you observed."

No. 22 is: "Had you ever seen the alleged hole or excavation before you fell into it? If so, state when, and as to each occasion, describe exactly what you saw."

No. 23 is: "Did you know the hole or excavation described in the complaint was there before you fell into it?"

No. 24 is: "Set forth in detail how and why you entered upon the premises described in the complaint."

No. 25 is: "Set forth in detail what you observed from the moment you entered the premises described in the complaint until the moment the alleged accident occurred."

It is apparent that the purpose of the interrogatories aforesaid is to show contributory negligence on the part of plaintiff. Defendant in its answer has averred that it was not in possession of the premises at the time of the accident. If this be a fact, defendant would not be liable for the injuries sustained by plaintiff for the alleged negligence. If, however, defendant was in possession of the premises at the time of the accident, it, better than anyone else, should know the condition of the hole or excavation if one existed on the premises. As was said in the case of Singer et vir v. Kitty Kelly Market Street Corporation, 81 D. & C. 383, by Alessandroni, J.:

"The complaint alleges that plaintiff, a customer, fell in defendant's store and was injured. The basis for recovery is that the floor was so highly waxed as to be unsafe. Petitioner remains in possession of the store, and therefore has the means of obtaining the knowledge or it can reasonably be expected to have knowledge of its own premises.

"The purpose of the discovery rules is to aid the parties in the preparation of their case. They were not adopted to allow trial by deposition. The granting of the above petition would have that result. The limitations set forth in the discovery rules appear to bar the substitution of depositions for trial evidence."

If plaintiff entered on the premises and fell as the result of an unguarded hole or excavation, he must prove this by a fair preponderance of the evidence at the time of trial.

The burden on plaintiff at trial is to prove that defendant was in possession of the premises at the time of the accident, that he was legally and properly in the basement of the premises at the time, that an unprotected excavation about which he knew nothing, or could not see, was in the basement unguarded by defendant and that while using due care he was caused

to fall therein. Defendant has no cause for anxiety until plaintiff has proven his case by a fair preponderance of the evidence before a jury. Depositions were never meant to take the place of a jury trial.

In Viscusi v. Pidgeon, 80 D. & C. 574, it was held:

"The limitations referred to in rule 4011 contain many references. It is evident that defendant desires to take the oral depositions of plaintiff with respect to her knowledge, observations and movements at the general time of the accident and to ascertain facts from her which would bear upon her contributory negligence in order that defendant may prepare a prima facie case.

"We do not see any tangible reason why the rules for discovery should be extended beyond reasonable limits. Plaintiff must prove her cause by a fair preponderance of the evidence. She must show that defendant was guilty of an act of negligence which was the proximate cause for her injury. She must be subjected to cross-examination in order to decide the negligence of defendant or her own contributory negligence. Her presence in court can be forced by a subpoena so that she may be called under cross-examination. There is no necessity prior to trial to have her testify as to where she stood when hit, where the automobile was prior to her leaving the sidewalk, or how fast the automobile was going. These facts may all be deduced at trial. To do as defendant desires would be to subject plaintiff to a trial of her case on the merits before the complete trial was had by a court and jury. In a trespass action there is no need for an answer to be filed by a defendant prior to trial unless he denies agency. It is not necessary therefore to prepare any pleadings on the issue of negligence by defendant. Everything that defendant desires by this petition of discovery may be ascertained at trial. The court has no discretion in this matter. The rules of court (see

rule 4011) provide the necessary exceptions to a discovery. Former Judge Charles E. Kenworthey, chairman of the Procedural Rules Committee, in his article, 'Discovery Under the Proposed New Rules', which appeared in the Pennsylvania Bar Association Quarterly of October 1948, page 17, at 22 and 23, said:

" 'Fundamentally, what the Procedural Rules Committee has attempted to do is to harmonize two basic principles: (1) that no person should be deprived of his day in court merely because he does not control the means of proving his case; and (2) the ends of justice are not best served by giving every litigant the power to explore without restraint his opponent's case.' "

It was also said by Dike in 30 A. B. A. J. 17 (1951), The Legal Intelligencer of February 6, 1951, vol. 124, no. 26, p. 172: "A step backward in the Federal courts: Are we returning to trial by depositions?"

We are not entirely in accord with Mr. Dike. We are aware in certain cases a litigant should disclose the names of his material witnesses, permit his books and records to be examined, his land surveyed or measured, the technical details of electric transmission lines or the ownership and installation of an exploded gas line disclosed, or to have his body and mentality examined by a doctor of the opposing party. This may all be needed in preparing a case for trial by his adversary. But where facts are known to petitioner or the means of obtaining knowledge which he can be reasonably expected to have, he has no right of discovery. So we do not believe that the interrogatories at issue are necessary for defendant to prove his defense at trial.

### Order

And now, to wit, October 21, 1953, defendant's petition for written interrogatories nos. 20 to 25, inclusive, is denied.